187 N.J. Super. 421 (1982)
455 A.2d 485
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALAN GRECCO, A/K/A ALAN WOLSHONAK, A/K/A LITTLE AL, SAMUEL LAZZARA, A/K/A UNCLE SAM, A/K/A SIMBO, DONALD R. CONWAY, VINCENT P. RIGOLOSI AND JOSEPH LAZARO, DEFENDANTS, AND BERGEN EVENING RECORD CORPORATION, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1982.
Decided December 28, 1982.
*422 Before Judges MATTHEWS, ANTELL and FRANCIS.
Peter G. Banta argued the cause for intervenor-appellant (Rothstein, Mandell & Strohm, attorneys; Winne, Banta & Rizzi of counsel; Peter R. Strohm on the brief).
Irwin I. Kimmelman, Attorney General, attorney for State of New Jersey, amicus curiae (James J. Ciancia, Assistant Attorney General, on the statement in lieu of brief).
Brener, Wallack & Hill, attorneys for American Civil Liberties Union, amicus curiae (Jeffrey Fogel of counsel; Timothy J. Korzun on the letter brief).
PER CURIAM.
This is an appeal from an order entered in the Law Division denying the Bergen Record's motion to have written transcripts of tape recordings played during pretrial hearings made available to the press. Appellant, the Bergen Evening Record Corporation, is the publisher of The Record, a newspaper circulated primarily in Bergen County.
The hearing at which the tapes in question were played was held in order to excise portions of the tapes and to determine the competency of the tapes. A request to hold that hearing in camera was denied by the trial judge. Although the hearings were open to the press and public and the comments of the judge and counsel were recorded, no transcripts were being made of the tapes as they were played by the court reporter. Apparently members of the press found it difficult to hear and *423 report on what was being said on the tapes. The judge and counsel had the use of transcripts of the tapes at the hearing.
The Record filed a formal motion to have transcripts of the tapes made available to them. The trial judge denied the motion, reasoning that it was premature because the tapes were not judicial records available to the public since they had not yet been admitted into evidence. The judge's order reserved the right to reconsider The Record's motion at any time.
Appellant filed a motion for ad interim relief with this court and also a motion for leave to appeal. The request for leave to appeal was granted but a stay of the order was denied.
Although The Record later received those of the transcripts that were admitted into evidence, and it is no longer possible for appellant's request that it receive the transcripts for use at the hearing to be effectuated, we do not regard this appeal as moot. This is an issue of public importance and will recur unless the issue is determined. State v. Allen, 73 N.J. 132, 138 (1977).
The Record and the American Civil Liberties Union, as amicus curiae, contend that the refusal of the trial judge to allow the press to have copies of the transcripts which were being used by the court and counsel during pretrial hearings was error. Although the press apparently received copies of the transcripts which were used as evidence when they were actually introduced at trial, they did not have them at the time of the hearings and never received transcripts of any excluded recordings. As we have noted, the trial judge denied the motion because he believed that the transcripts were not part of the judicial record, since they were not yet actually entered as evidence.
In light of both New Jersey common law and recent federal and Supreme Court decisions under the First Amendment, we conclude that the refusal to provide the transcripts was error. It is the public policy of New Jersey to hold hearings *424 in open court. State v. Hannah, 171 N.J. Super. 325, 330 (App. Div. 1979). Open trials are also provided for by R. 1:2-1.
A request to hold the proceedings in camera was denied in the present case, pursuant to this policy of resorting to closed hearings only when there are no feasible alternatives, and the closure order is no more extensive than required. State v. Hannah, 171 N.J. Super. at 331-332. Prohibition of closed hearings except where the most exceptional circumstances have been affirmatively shown has been held to apply to pretrial hearings held to determine the audibility of recordings of conversations and the accuracy of transcripts made from those recordings. State v. Joyce, 160 N.J. Super. 419, 422-423 (Law Div. 1978); aff'd sub nom. State v. De Bellis, 174 N.J. Super. 195, 198-199 (App.Div. 1980). In fact, it has been noted that public access may be even more important in pretrial evidentiary hearings than at trial, since pretrial hearings are often crucial stages of trials and allegations of police misconduct may also arise at this time. United States v. Criden II, 675 F.2d 550, 556-557 (3 Cir.1982).
Once proceedings take place in open court they are "matters of public record and the news media has an absolute right to report thereon." State v. Allen, 73 N.J. 132, 139 (1977). We think The Record is correct in contending that the press is effectively denied access when a trial judge deliberately denies them the means to understand the proceedings. The argument is especially strong here where there is no claim that the press should be excluded because there is a danger of prejudice. No balancing is required since the correctness of the trial judge's denial of the request to hold the evidentiary hearings in camera is not contested.
New Jersey has recognized in a different context that the right of public access may not be limited to the right to observe. In Moore v. Mercer Cty. Freeholder Bd., 76 N.J. Super. 396, 408 (App.Div. 1962), this court recognized that the right to inspect public documents should take into account modern copying *425 techniques, and that the use of such techniques, where reasonable, is a part of the right to access. Thus it would appear, in light of the strong policy favoring public access, that the press should be allowed the means to interpret what occurs at trial for the public.
The Second and Third Circuits have allowed television networks to copy and air videotapes used at trial, based on a common law presumption in favor of a right to inspect and copy any item entered into evidence United States v. Criden I, 648 F.2d 814, 822-823 (3 Cir.1981); Application of National Broadcasting Co., Inc., 635 F.2d 945, 952 (2 Cir.1980). While this case is not the same because here the tapes were not read into evidence, The Record did not ask to copy the tapes so the public could listen to them, but merely requested transcripts to aid them in understanding what they were to hear during the trial.
In Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580, 100 S.Ct. 2814, 2829, 65 L.Ed.2d 973, 991-992 (1980), the United States Supreme Court held that "the right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and `of the press could be eviscerated' [citation omitted]." Absent an overriding interest articulated in findings, the public has a right to attend criminal trials. Id. This must be as narrow as possible while still protecting that interest. Globe Newspaper Co. v. Superior Court, ___ U.S. ___, ___, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248, 257 (1982). This right of access applies both to the press and the general public. Id. ___ U.S. at ___, 102 S.Ct. at 2618, 73 L.Ed.2d at 255.
The Record contends that it was error for the trial judge to fail to include what was said on the recordings in the trial transcript. We believe that this contention is correct. R. 1:2-2 provides:
In the trial divisions of the Superior Court and in the Tax Court, all proceedings in court shall be recorded verbatim except, unless the court otherwise *426 orders, pretrial and settlement conferences, calendar calls, and ex parte motions.
Even testimony read back to the jury during deliberations must be recorded. Eden v. Conrail, 175 N.J. Super. 263 (App.Div. 1980), aff'd 87 N.J. 467 (1981). Thus, the press was denied access to the complete pretrial hearing which it would ordinarily have had upon release of the transcripts.
Reversed.