STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
CAROLE P. WILKINS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 14, 1988—Decided February 9, 1989.

Before Judges ASHBEY and SKILLMAN.

*Mark H. Friedman,* Assistant Deputy Public Defender and *Janet Zoltanski,* Assistant Deputy Public Defender argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney; *Mark H. Friedman,* of counsel and on the brief).

*Steven E. Lessick,* Deputy Attorney General, argued the cause for respondent (*Cary Edwards,* Attorney General, attorney; *Steven E. Lessick,* of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Defendant was indicted on one count of third degree theft by unlawful taking, in violation of *N.J.S.A.* 2C:20-3, fourteen counts of falsifying or tampering with records, in violation of *N.J.S.A.* 2C:21-4a, and thirteen counts of uttering a forged instrument, in violation of *N.J.S.A.* 2C:21-1a(3). Pursuant to a plea bargain, defendant pled guilty to the single count of theft by unlawful taking. The court sentenced her to three years probation, on the condition that she be incarcerated in the county jail for a period of 180 days. The court also ordered defendant to pay $5,200 in restitution.

Approximately two months after sentencing, defendant was charged with violating probation by committing a new offense. More specifically, defendant was charged with violating *N.J.S.A.* 2C:21-4a by filing a bank loan application representing that she was employed when, in fact, she had been fired nine days earlier. A hearing was held on the charge which resulted in an adjudication that defendant had violated a condition of her

probation by committing a new offense. Based on this viola-
tion, the court sentenced defendant to a four year term of
imprisonment.

On appeal, defendant argues that probation may be
revoked for commission of a new offense only upon a conviction
in a criminal trial. Defendant acknowledges that probation
could be revoked before enactment of the Code of Criminal
Justice upon proof of commission of a new crime at a probation
revocation hearing without a criminal conviction. *See State v.
Wasserman*, 75 *N.J. Super.* 480, 485, (App.Div.1962), aff'd 39
*N.J.* 516 (1963). However, defendant contends that a criminal
conviction is required under the Code before probation may be
revoked on the basis of a new offense. Defendant relies upon
*N.J.S.A.* 2C:45–3a(3) and (4), which provide in pertinent part:

(3) The court, if there is probable cause to believe that the defendant has
committed another offense or if he has been held to answer therefor, may
commit him without bail, pending a determination of the charge by the court
having jurisdiction thereof;

(4) The court, if satisfied that the defendant has inexcusably failed to comply
with a substantial requirement imposed as a condition of the order *or if he has
been convicted of another offense*, may revoke the suspension or probation and
sentence or resentence the defendant, as provided in this section. [Emphasis
added].

Defendant interprets the italicized language of *N.J.S.A.* 2C:45–
3a(4) to mean that a criminal conviction is a precondition of
revocation of probation based upon a new offense.

We reject this interpretation of *N.J.S.A.* 2C:45–3a(3) and (4).
We note that a standard condition of every probationary sen-
tence is that the probationer shall not commit another offense
while on probation. *N.J.S.A.* 2C:45–1a. Therefore, the commis-
sion of a new offense constitutes a failure "to comply with a
substantial requirement imposed as a condition of probation"
within the intent of *N.J.S.A.* 2C:45–3a(4). The fact that the
conviction of a new offense in a criminal trial is also grounds
for revocation of probation does not preclude revocation based
solely upon evidence of criminal conduct presented at a revoca-
tion hearing.

Defendant contends that support for her interpretation of *N.J.S.A.* 2C:45–3a(3) and (4) is provided by the commentary to the proposed Code issued by the New Jersey Criminal Law Revision Commission. *Commentary, New Jersey Penal Code* (1971), Vol. II at 347. However, the commentary to the Code only states that a delay in a probation revocation hearing until after the trial of a crime allegedly committed while on probation is the "preferable" procedure. It does not suggest that the Code mandates that procedure.[1] To the contrary, the commentary recognizes that "a charge that the probationer has been guilty of a crime can be tried informally by the probation court upon the revocation issue, as a violation of probation." *Ibid.*

Thus, *N.J.S.A.* 2C:45–3a(3) and (4) establish two separate procedures which may be followed when a probationer is accused of committing an offense. The probationer may be confined without bail pending a determination of the criminal charges, as authorized by *N.J.S.A.* 2C:45–3a(3), subject to revocation of probation under *N.J.S.A.* 2C:45–3a(4) upon a conviction in a criminal trial. Alternatively, the court may proceed with a probation revocation hearing based upon the probationer's failure to comply with the probation condition requiring compliance with the law, regardless of any criminal charges which may be brought as a result of the alleged new offense. *See State v. Garcia,* 193 *N.J.Super.* 334, 338 (App.Div.1984); *State v. Serio,* 168 *N.J.Super.* 394, 396 (Law Div.1979); *see also United States v. Manuszak,* 532 *F.*2d 311 (3rd Cir.1976).

Defendant also argues that the trial court erred in refusing to entertain her motion to suppress her false bank loan application and abused its discretion in revoking her probation and imposing a state prison sentence. These arguments are clearly without merit and do not require extended discussion.

---

[1] In any event, defendant was never charged criminally with the offense she committed while on probation. Therefore, the procedure recommended by the commentary to the Code would not be applicable in this case.

*R.* 2:11–3(e)(2).  Any protectable privacy interest persons may have in bank records would not extend to a credit application containing false information which forms the basis for criminal charges.  Defendant's prior record and the risk that she would commit other offenses provided a sufficient basis for imposition of a presumptive four-year term.

AFFIRMED.