NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1640-12T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPH F. ADAMS, a/k/a
CHRISTOPH J. ADAMS, CHRISTOPH
ALBERT and CHRISTOPH ALLEN,

    Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **June 17, 2014** |
| **APPELLATE DIVISION** |

Submitted January 29, 2014 — Decided June 17, 2014

Before Judges Grall, Waugh and Accurso.

On appeal from Superior Court of New
Jersey, Law Division, Union County,
Indictment No. 11-05-0606.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michael B. Jones, Assistant
Deputy Public Defender, of counsel and on
the brief).

Grace H. Park, Acting Union County
Prosecutor, attorney for respondent (Sara B.
Liebman, Special Deputy Attorney General/
Acting Assistant Prosecutor, of counsel and
on the brief).

The opinion of the court was delivered by

GRALL, P.J.A.D.

Defendant was arrested for a new crime while participating

in the Intensive Supervision Program (ISP) following

modification of a custodial sentence on a prior conviction to permit that participation.  R. 3:21-10(b)(6).  The precise question presented is whether defendant is entitled to jail credits pursuant to Rule 3:21-8 against the sentence for the new crime from the date of his arrest for that crime until the date he was either sentenced by the judge for the new crime or resentenced by the three-judge ISP panel for "fail[ure] to perform satisfactorily following entry into" ISP, R. 3:21-10(e).  We conclude that a defendant in this circumstance is entitled to jail credits for days in confinement from the date of arrest to the date the first sentence is imposed.[1]

---

[1] The appeal was argued without briefs in conformity with Rule 2:9-11, but the panel transferred the case to a calendar for disposition after full briefing.  In the brief submitted on defendant's behalf, the issues are stated as follows:

> POINT I
> MR. ADAMS IS ENTITLED TO THE TIME BETWEEN HIS ARREST AND THE REIMPOSITION OF HIS ISP SENTENCE AS A MATTER OF LAW.  HERNANDEZ REQUIRES THAT CREDIT BE ALLOCATED FOR TIME SPENT IN CUSTODY AND MR. ADAMS HAS NOT BEEN CREDITED WITH ANY TIME FOR THAT PERIOD.
>
> POINT II
> MR. ADAMS IS ENTITLED TO THE TIME BETWEEN HIS ARREST AND THE REIMPOSITION OF HIS ISP SENTENCE BECAUSE IT WAS A TERM OF HIS PLEA AGREEMENT, AT LEAST AS HE REASONABLY UNDERSTOOD IT.

Our decision is informed by State v. Hernandez, 208 N.J. 24 (2011), which addresses jail credits in a case involving multiple charges, R. 3:21-8; N.J.S.A. 2C:44-5b. And it is informed by State v. DiAngelo, 434 N.J. Super. 443 (App. Div. 2014), which applies Hernandez in a case involving resentencing for a violation of probation.

I

The essential facts are procedural. In February 2010, defendant Christoph Adams was convicted of second-degree eluding, N.J.S.A. 2C:29-2b, and second-degree receipt of stolen property, N.J.S.A. 2C:20-7, and in July 2010 he was sentenced to concurrent four-year terms of imprisonment.[2] Defendant's subsequent motion to change that "custodial sentence to permit [his] entry into [ISP]" was granted by the three-judge ISP panel pursuant to Rule 3:21-10(b)(6).[3]

While participating in ISP, on February 16, 2011, defendant was arrested and subsequently indicted for crimes committed on that date. The indictment charged defendant with second-degree aggravated assault, N.J.S.A. 2C:12-1b(1), and third-degree

---

[2] The judgment of conviction is not in the record on appeal, but according to defendant's pre-sentence report (PSR), it was imposed in July 2010.

[3] The order changing the sentence entered by the ISP panel is not in the record on appeal. Defendant's PSR states that he entered ISP on December 30, 2010.

terroristic threats, N.J.S.A. 2C:12-3a-b. Defendant was also subject to pending accusations charging disorderly persons offenses committed during the same incident — harassment by offensive touching, N.J.S.A. 2C:33-4b, and criminal mischief, N.J.S.A. 2C:17-3b(2). Nothing in the record indicates that the ISP panel reimposed defendant's custodial sentence the day after his arrest.[4] Quite obviously, defendant was not participating in ISP following that arrest; he was held in jail in Union County, where the new charges were pending.

On November 28, 2011, defendant pled guilty to second-degree aggravated assault in return for the State's agreement to recommend a term of imprisonment within the range appropriate for a third-degree crime — three years, subject to terms of parole ineligibility and supervision required by the No Early Release Act (NERA) for second-degree assault, N.J.S.A. 2C:43-7.2. The State further promised to dismiss the second count of the indictment and the pending accusations. In addition, the State agreed to recommend that the three-year sentence run

---

[4] The pre-sentence report prepared for defendant's sentencing on his conviction for second-degree aggravated assault states that defendant was "charged with a Parole Violation" on February 17, 2011, but defendant was participating in ISP and the PSR does not indicate that he was on parole for any other prior sentence. The PSR also states that defendant "violated ISP within one and a half months by committing" the aggravated assault on February 16, 2011.

concurrent with any custodial sentence the ISP panel might impose.

The ISP panel acted first. On January 13, 2012, 331 days after defendant's arrest, the ISP panel resentenced him in conformity with Rule 3:21-10(e). On January 13, the ISP panel entered an order stating that it "reimposed original sentence and returned [defendant] as a violator." (capitalization omitted). The panel awarded defendant 48 days' "ISP TIME CREDIT" — from December 30, 2010 to February 16, 2011, but it did not award defendant ISP credit or jail credit for the 337 days between his arrest and its reimposition of the custodial sentence.

Sentencing on the aggravated assault conviction was initially scheduled for February 17, 2012. Because of a dispute about jail credits, defendant was not sentenced until September 14, 2012. Thus, defendant was sentenced on his new conviction 246 days after the ISP panel resentenced him and 210 days after his initial sentencing date.

The judge awarded defendant one day's jail credit for the date of his arrest. That credit is not in dispute. On the ground that defendant's pre-sentence confinement from February 17, 2011 forward was attributable to defendant's failure to satisfactorily perform on ISP, the judge denied defendant jail

credits for the 377 days he was confined from the day after his arrest until the ISP panel resentenced him on January 13, 2012. Nevertheless, considering the plea agreement for concurrency of the sentences to be imposed by the ISP panel for the prior convictions and by the judge for the aggravated assault conviction, he awarded defendant 210 days' jail credit for the delay in defendant's sentencing for aggravated assault from February 17 to September 13, 2012. In fact, the State agreed that award of the 210 days' jail credit was consistent with the plea agreement and does not challenge that award.

## II

In Hernandez, the Court so significantly clarified "the manner in which jail credits, which are earned prior to the imposition of the first custodial sentence, are to be awarded with respect to multiple charges," that the Court determined the decision should be applied "only prospectively to sentences imposed as of" the day following issuance of its decision. 208 N.J. at 50-51 (recognizing that Hernandez "may be deemed inconsistent with" prior interpretations of Rule 3:21-8). Because Hernandez was decided on June 8, 2011, id. at 24, it governs the jail credits awarded against defendant's sentence for aggravated assault on September 14, 2012.

Perhaps because the State framed its argument about credits on the assumption that those credits could be awarded on either but not both of the sentences, the judge did not consider Hernandez. After all, Hernandez does not mention pre-sentence confinement pending a resentencing by the ISP panel for "fail[ure] to perform satisfactorily following entry into" ISP, R. 3:21-10(e). The State's narrow focus is improper.

Hernandez establishes general principles that are applicable here. As recently explained in DiAngelo, "[p]rior to Hernandez, when a defendant in custody faced multiple charges, [Rule 3:21-8] was interpreted to provide credit 'only for such confinement as is attributable to the arrest or other detention resulting from the particular offense.' State v. Black, 153 N.J. 438, 456 (1998) (citations and internal quotation marks omitted)." DiAngelo, supra, 434 N.J. Super. at 452. Thus, the parties' effort to identify the sentence to which the jail credits would apply was in line with those prior decisions.

The quest to identify a single sentence to which jail credits apply is inappropriate under Hernandez. The Court made it clear that "[w]hen a defendant is confined prior to sentencing on multiple charges, the defendant is entitled to 'credits against all sentences "for any time served in custody in jail . . . between arrest and the imposition of sentence" on

each case.'" State v. Rippy, 431 N.J. Super. 338, 348 (App. Div. 2013) (quoting Hernandez, supra, 208 N.J. at 28 (quoting R. 3:21-8)) (emphasis in original), certif. denied, 217 N.J. 284 (2014). Under that principle,

> A defendant is entitled to jail credits on all cases for all days of confinement after his arrest in that case and prior to imposition of the first sentence, and that is so even if a subsequent period of confinement is on an arrest for a new charge and regardless of matters of happenstance . . . such as whether bail on one or more of the prior charges has been revoked.
>
> [Id. at 348; see Hernandez, supra, 208 N.J. at 48-49.]

Where a defendant is entitled to jail credits under Rule 3:21-8 as interpreted in Hernandez, they are "mandatory, not discretionary." Hernandez, supra, 208 N.J. at 37. Jail credits authorized by Rule 3:21-8 "were conceived as a matter of equal protection or fundamental fairness and a means of avoiding the double punishment that would result if no such credits" for pre-sentence confinement were awarded. Hernandez, supra, 208 N.J. at 36.

Because jail credits provide day-for-day credits for time spent in custody between arrest and imposition of sentence, R. 3:21-8; Hernandez, supra, 208 N.J. at 28, discretionary grants or denials of jail credits "can promote sentence disparity" and contravene "the very equal protection [Rule 3:21-8] was designed

to promote." <u>Id.</u> at 49.  Thus, the <u>Hernandez</u> Court held, "there is no room for discretion[ary]" decisions on jail credits.  <u>Id.</u> at 48-49.

In this case, defendant was facing conviction and sentencing on a new charge and resentencing on prior convictions for which his custodial sentence had been changed to permit his participation in ISP pursuant to <u>Rule</u> 3:21-10(b)(6).  After that change in sentence, defendant was not serving a custodial sentence.  He was serving a sentence in the community subject to intensive supervision and could do so only for as long as he "perform[ed] satisfactorily."  <u>R.</u> 3:21-10(e); <u>see</u> <u>State v. Clay</u>, 230 <u>N.J. Super.</u> 509, 516-17 (App. Div. 1989) (discussing ISP procedures for addressing violations and resentencing procedures), <u>aff'd o.b.</u>, 118 <u>N.J.</u> 251 (1990).

On defendant's failure to meet that standard, "[t]he three-judge [ISP] panel [had] the authority to resentence [him], in accordance with applicable statutes . . . ."  <u>R.</u> 3:21-10(e); <u>see</u> <u>State v. Cannon</u>, 128 <u>N.J.</u> 546, 554 (1992) (discussing ISP and observing that all ISP participants who do not graduate are returned to prison).  Thus, under the terms of <u>Rule</u> 3:21-10(b)(6), (e), following his arrest and pending resentencing by the ISP panel, defendant was not subject to or serving a custodial sentence.  He was confined, without custodial

sentence, pending resentencing on his 2010 convictions and sentencing on his 2011 plea of guilty to aggravated assault. During that period of confinement, he was not in the community participating in ISP in conformity with his modified sentence, and he was not "receiving day for day credit for time spent under supervision of the program identical to the credit [he] would be receiving if [he] had remained within the custody of the Department of Corrections." Clay, supra, 230 N.J. Super. at 520.

Circumstances material to the jail credits changed following the ISP panel's resentencing on January 13, 2012. Thereafter, defendant was in custody and serving a custodial sentence for his 2010 convictions. In DiAngelo, a panel of this court concluded that a defendant confined pending resentencing on an allegation of violating the conditions of probation was entitled to jail credits for confinement pending resentencing as a consequence of the violation. 434 N.J. Super. at 462. The panel rejected the State's contention that a failed probationer pending resentencing for violation of the conditions falls outside Rule 3:21-8 because the failed probationer is simply continuing service of a sentence imposed. Instead, the panel concluded that a resentencing following a violation of probation

is a new custodial sentence, one replacing a violated probationary sentence.  Id. at 454-57.

We see no reason to reach a different conclusion here.  The ISP pamphlet discussed in Clay set forth a resentencing procedure and provides that proceedings on violations will conform to statutes governing violations of probation, specifically N.J.S.A. 2C:45-3 and N.J.S.A. 2C:45-4.  230 N.J. Super. at 516-17.

A failed probationer and a failed participant in ISP are similarly situated pending resentencing.  Prior to failure to comply with the conditions of the non-custodial sentence, both were serving a sentence in the community subject to supervision, albeit differing levels of supervision.  After their respective failures to comply, they both faced resentencing that could lead to a custodial sentence that can be imposed under the law.  R. 3:21-8; N.J.S.A. 2C:45-3b.  In contrast, they are not similarly situated to a parolee who violates the conditions of his or her release.  A parolee is released while compliant with parole conditions for the uncompleted duration of a custodial sentence. The parolee is subject to reincarceration for violation of a condition, and upon revocation continues to serve the custodial sentence from which he or she had been released.

A-1640-12T4

The State's reliance on State v. Black, 153 N.J. 438 (1998) and State v. Carreker, 172 N.J. 100 (2002), is misplaced. As the Supreme Court stressed in Hernandez, the defendants seeking jail credits in those cases were serving custodial sentences. 208 N.J. at 44-45. Under Hernandez, a defendant who is serving another custodial sentence is not entitled to relief under that rule, because jail credits do not accrue while a defendant is serving a sentence. 208 N.J. at 47.

But this defendant was not serving a custodial sentence when he committed, and was arrested for committing, aggravated assault in 2011. Although defendant had previously been serving a custodial sentence on the 2010 charges, at the time of the aggravated assault and his arrest for it in 2011, this defendant's custodial sentence had been changed to permit his participation in ISP. R. 3:21-10(b)(6).

Rule 3:21-8 requires an award of credits between arrest and the imposition of a sentence. Defendant simply was not serving his custodial sentence on any conviction while confined prior to the first of his 2012 sentencings — the January 13, 2012 ISP panel resentencing. Under Hernandez, the fact that defendant was confined pending resentencing on his 2010 convictions did not change the fact that he was also confined pending

12

disposition and sentence on his 2011 guilty plea to aggravated assault.

For all of the foregoing reasons, defendant is entitled to 331 days' jail credit against his conviction for aggravated assault from his arrest on February 16, 2011 to the day before he was resentenced by the ISP panel, January 13, 2012. Whether or not defendant was "violated" or detained by authority of the ISP is a matter of happenstance. See Hernandez, supra, 208 N.J. at 45-49. He was confined during that period pending resentencing on the 2010 conviction and pending sentencing on the 2012 conviction. As the judge awarded defendant one day's credit for the date of his arrest, we remand for an award of an additional 330 days' jail credit for the period from February 17, 2011 to January 13, 2012.

Although the State does not raise the issue, it is appropriate for this court to correct an award of jail credits made contrary to law. See Rippy, supra, 431 N.J. Super. at 347-48. As previously noted, Hernandez leaves no room for doubt that after the first sentence on one of multiple pending charges is imposed, jail credits no longer accrue. 208 N.J. at 47. As of the day following the issuance of Hernandez, June 9, 2011, judges had no discretion to award or deny jail credits where none are due under Rule 3:21-8 as interpreted by the Court in

that case. 208 N.J. at 48-51. Accordingly, the 210 days' jail credit awarded defendant from February 17, 2012 to September 13, 2012 must be vacated.[5]

Given our resolution of the jail credits awarded in this case, defendant's remaining arguments have insufficient merit to warrant any additional discussion. R. 2:11-3(e)(2). To the extent that defendant argues that he understood the agreement to provide credit for all pre-sentence confinement against his sentence, we do not understand Hernandez to authorize a plea agreement for jail credits that is contrary to law. In any event, because defendant did not move to vacate his guilty plea, the question is not properly before us.

Affirmed as modified and remanded for adjustment of jail credits in conformity with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Defendant does not seek gap-time credits against his sentence for aggravated assault, which includes a NERA parole ineligibility term. As the Supreme Court noted in Hernandez, gap-time credits awarded to a defendant on a sentence subject to NERA parole ineligibility are likely to have no benefit. 208 N.J. at 38-41.

A-1640-12T4