NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5490-12T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SHERRONE H. ROBINSON, a/k/a
PAUL R. GRANDISON, SHERRON H. ROBINSON,

      Defendant-Appellant.

| APPROVED FOR PUBLICATION |
| :---: |
| December 22, 2014 |
| APPELLATE DIVISION |

Submitted December 3, 2014 — Decided December 22, 2014

Before Judges Alvarez, Waugh, and Carroll.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 11-08-1894 and 10-12-2796.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark P. Stalford, Designated Counsel, on the brief).

James P. McClain, Atlantic County Prosecutor, attorney for respondent (John Santoliquido, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

CARROLL, J.A.D.

Defendant Sherrone H. Robinson appeals from a sentence imposed pursuant to a negotiated plea agreement.  He argues that two offenses to which he pled guilty should merge.  The State

agrees that merger of the two convictions is appropriate. Under the plea agreement, one offense includes a higher maximum prison term, while the other carries a lower maximum term but a higher statutory period of parole ineligibility. This appeal calls upon us to determine the proper sentence that results upon merger of the two offenses.

I.

Defendant was charged in Indictment No. 10-12-2796 with third-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2. He was also charged in Indictment No. 11-08-1894 with second-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 (count one); second-degree burglary, N.J.S.A. 2C:18-2 (count two); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a (count three); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b (count four); second-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7 (count five); fourth-degree aggravated assault, N.J.S.A. 2C:12-1b(4) (count eight); and third-degree hindering apprehension, N.J.S.A. 2C:29-3b(1) (count nine).

On October 16, 2012, defendant pled guilty to counts two and three of Indictment No. 11-08-1894. Pursuant to the plea agreement, the State agreed to recommend that defendant be sentenced in the third-degree range to a four-year prison term

on the burglary charge, and to a concurrent five-year prison term on the weapon offense. The burglary offense was subject to an eighty-five percent parole ineligibility period under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, while the weapon offense carried a mandatory minimum term of three years pursuant to the Graves Act, N.J.S.A. 2C:43-6(c). In placing the plea agreement on the record, defense counsel indicated that defendant would thereby receive an aggregate five-year prison sentence, with a parole ineligibility period of three years, four months, and twenty-six days, which represented the NERA component of the four-year burglary sentence. The State also agreed to dismiss the remaining counts of the indictment.

On January 15, 2013, defendant pled guilty to Indictment No. 10-12-2796, pursuant to the State's agreement to recommend a concurrent three-year prison term. On February 15, 2013, the court sentenced defendant consistent with the plea agreements on both indictments. The judgment of conviction (JOC) on Indictment No. 11-08-1894 reflects defendant received 168 days of jail credit, from May 27, 2011 to November 4, 2011, and from January 11, 2013 to January 16, 2013. The JOC on Indictment No. 10-12-2796 provides for 117 days of jail credit, from October 4, 2010 to January 22, 2011, and from January 11, 2013 to January 16, 2013.

Defendant appealed, and this matter was initially placed on an Excessive Sentencing Oral Argument calendar. R. 2:9-11. The State agreed that defendant was entitled to an additional 162 days of jail credit on Indictment No. 10-12-2796 for the period from May 27, 2011 to November 4, 2011. Defendant also argued for the first time that the burglary and weapon convictions on Indictment No. 11-08-1894 should merge, since the only intended purpose of the weapon involved commission of the burglary. Defendant contended that merger should result in the burglary conviction surviving, thus eliminating the prison sentence and other penalties imposed on the weapon conviction. The State agreed that the two convictions should merge. However, it argued that the most severe penalties for each conviction that are consistent with the plea agreement should survive merger. We referred the matter to the plenary calendar to be relisted after full briefing to address the merger issue.

On appeal before us, defendant renews the following arguments:

> POINT I - THE SECOND DEGREE POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE CONVICTION MERGES WITH THE SECOND DEGREE BURGLARY CONVICTION. THE SENTENCE ON THE POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE CONVICTION S[H]OULD BE VACATED. (Not Raised Below)

POINT II — PURS[U]ANT TO THE DECISIONS IN STATE V. HERNANDEZ[1] AND STATE V. RIPPY[2] DEFENDANT IS ENTITLED TO ADDITIONAL JAIL CREDIT ON INDICTMENT NO. 10-12-2796. (Not Raised Below).

II.

The overriding principle of merger analysis is that "an accused [who] committed only one offense . . . cannot be punished as if for two." State v. Tate, 216 N.J. 300, 302 (2013) (citing State v. Davis, 68 N.J. 69, 77 (1975)).

> As such, merger implicates a defendant's substantive constitutional rights. Not only does merger have sentencing ramifications, it also has a measurable impact on the criminal stigma that attaches to a convicted defendant.
>
> [Tate, supra, 216 N.J. at 302-03 (citations and internal quotation marks omitted).]

N.J.S.A. 2C:1-8 codifies the standards for merging offenses. However, the parameters of the rule have been characterized as "mechanical." Tate, supra, 216 N.J. at 307. Instead, we look to "follow a 'flexible approach' to merger and consider the elements of the crimes, the Legislature's intent in creating the offenses and the specific facts of each case."

---

[1] 208 N.J. 24 (2011).

[2] 431 N.J. Super. 338 (App. Div. 2013), certif. denied, 217 N.J. 284 (2014).

State v. Messino, 378 N.J. Super. 559, 585 (App. Div.), certif. denied, 185 N.J. 297 (2005).

The Court in Tate applied this "preferred and more flexible standard," and concluded that defendant's conviction for third-degree possession of a weapon for an unlawful purpose merged with his conviction for first-degree aggravated manslaughter. Tate, supra, 216 N.J. at 307. The Court noted that "[w]hen the only unlawful purpose in possessing the [weapon] is to use it to commit the substantive offense, merger is required." Id. at 312 (quoting State v. Diaz, 144 N.J. 628, 636 (1996)).

In the present case, because defendant's sole unlawful purpose in possessing the weapon was to use it in the burglary, the State concedes that the two convictions must merge. At issue, then, is the proper sentence that should attach to the merged convictions.

Relying on Tate, defendant argues that the second-degree possession of a weapon for an unlawful purpose conviction merges with his second-degree burglary conviction. Consequently, he contends that the proper sentence for the merged offenses is the four-year prison term imposed for the burglary, subject to a NERA eighty-five percent parole disqualifier. However, the State notes that while the parole ineligibility component of the burglary sentence exceeds the three-year minimum term for the

weapon offense under the Graves Act, the four-year burglary sentence is less severe than the five-year prison sentence for the weapon offense. Under these circumstances, the State argues that the more serious aspects of each sentence should survive merger. Accordingly, the State submits that on his merged convictions, defendant should be resentenced to a five-year prison term, four years of which are subject to NERA.

We find support for the State's position in State v. Dillihay, 127 N.J. 42 (1992). In Dillihay, the Court addressed the issue of the appropriate sentence to be imposed when a defendant's conviction for a lesser-degree school-zone offense that carried a statutory mandatory minimum prison term merged with a higher-degree narcotics-related offense having no minimum term. Id. at 44-45. In such instance, the Court concluded that the maximum sentence on the higher offense and the mandatory minimum sentence on the lesser offense both survive. Id. at 56. Further, as one commentator has observed:

> The appropriate rule is that the single offense for which defendant is found liable in the last analysis is the most serious of the offenses being merged, i.e. the one which provides the most severe sentence. Occasionally one aspect of a sentence for one of the offenses being merged will be more severe than that for the other offense and a second aspect will be less severe. In such a case, the more severe aspects of each sentence should survive merger.

[Cannel, New Jersey Criminal Code Annotated, comment 9 on N.J.S.A. 2C:1-8 (2014-15).]

We find this logic persuasive. On the specific facts of this case, we conclude that imposing the more severe aspects of the sentence for each offense is consistent with the parties' plea agreement. As noted, when the terms of the plea agreement were placed on the record, defense counsel stated that defendant would receive an aggregate five-year prison sentence. He would further be required to serve eighty-five percent of the four-year burglary sentence under NERA, or three years, four months, and twenty-six days, before being eligible for parole. In accepting the plea, the judge reviewed these terms with defendant and asked if he understood them, to which defendant responded, "Yes." We thus discern no prejudice to defendant, since the result we reach is precisely that which he bargained for.

Accordingly, the matter is remanded for correction of the JOC on Indictment No. 11-08-1894 to reflect that the conviction for possession of a weapon for an unlawful purpose merges with the burglary conviction. On the merged convictions, the court shall modify defendant's sentence to a five-year term of imprisonment, of which four years shall be subject to an eighty-five percent parole ineligibility period under NERA.

A-5490-12T4

III.

The parties agree on the additional jail credits to which defendant is entitled. Accordingly, our remand further directs that the JOC on Indictment No. 10-12-2796 be amended to reflect an additional 162 days of jail credit from May 27, 2011 to November 4, 2011.

Remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5490-12T4