**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4632-17T5

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK MELVIN,

    Defendant-Appellant.

_____

Argued March 4, 2019 – Decided July 8, 2019

Before Judges Messano, Fasciale and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-05-1257.

Tamar Y. Lerer, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Tamar Y. Lerer, of counsel and on the brief).

Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

PER CURIAM

As we explained in our prior opinion, a jury convicted defendant Mark Melvin of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), but deadlocked on the remaining counts of the indictment, including two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2). State v. Melvin, No. A-3003-14 (App. Div. Mar. 1, 2017) (slip op. at 5). The judge granted the State's motion to impose a discretionary extended term, N.J.S.A. 2C:44-3(a), and sentenced defendant to the maximum term of twenty years' imprisonment with a ten-year period of parole ineligibility. Ibid.

Although we affirmed defendant's conviction, we remanded the matter for resentencing. Id. at 2. In particular, we rejected the trial judge's reliance upon United States v. Watts, 519 U.S. 148 (1997), to permit his consideration of evidence adduced at trial that defendant committed the murders in finding and weighing the aggravating and mitigating sentencing factors. Melvin, slip op. at 12-14. Citing our decision in State v. Tindell, 417 N.J. Super. 530 (App. Div. 2011), we said:

> Here, the judge also substituted his judgment for that of the jury. He considered the charges on which the jury was hung even though a new trial would occur. Defendant could later be punished again if convicted of these crimes, implicating double jeopardy issues. The judge improperly found aggravating factor two, the

A-4632-17T5

> gravity and seriousness of the harm inflicted on the victim, because there is no victim named in the unlawful possession of a weapon offense. The judge abused his discretion by finding defendant was the shooter by a preponderance of the evidence and considering that conduct in his sentencing decision.
>
> [Melvin, slip op. at 14-15 (emphasis added) (citation omitted).]

The Supreme Court denied cross-petitions for certification. State v. Melvin, 230 N.J. 597, 600 (2017).

While the appeal was pending, the State retried defendant on the deadlocked charges before the same judge. The second jury could not reach a verdict on certain controlled dangerous substance-related offenses, which the State subsequently dismissed, and acquitted defendant of the murders and related offenses. Defendant again faced the judge for resentencing on the original conviction of unlawful possession of a handgun.

After reviewing our prior decision, and again relying on Watts, the judge concluded that if proven by a preponderance of the evidence, he could consider defendant's conduct even though the jury acquitted defendant of the underlying crimes. The judge then recounted the evidence at trial that convinced him "[d]efendant was the shooter of the two individuals" that were killed and the third that was injured. Following the Court's guidance in State v. Pierce, 188

N.J. 155 (2006), the judge granted the State's motion for a discretionary extended term. The judge found aggravating factors three, six and nine, N.J.S.A. 2C:44-1(a)(3), (6) and (9), and no mitigating factors. N.J.S.A. 2C:44-1(b). He sentenced defendant to a sixteen-year term of imprisonment, which, in accordance with our judgment, reflected the elimination of aggravating factor two in the sentencing calculus and consideration of defendant's rehabilitative conduct while incarcerated. <u>Melvin</u>, slip op. at 14-15. The judge imposed an eight-year period of parole ineligibility.

Defendant filed this appeal, listed originally on our Excessive Sentence Oral Argument calendar. However, given the nature of defendant's arguments, we placed the appeal on the plenary calendar for full briefing. Defendant raises the following points:

> <u>POINT I</u>
>
> DEFENDANT HAS TWICE BEEN UNLAWFULLY PUNISHED FOR COMMITTING CRIMES A JURY DID NOT FIND HE COMMITTED. THE MATTER MUST BE REMANDED FOR RESENTENCING IN FRONT OF A JUDGE WHO IS NOT FIRMLY CONVINCED OF DEFENDANT'S GUILT OF CRIMES HE HAS BEEN ACQUITTED OF AND WHO IS NOT COMMITTED TO SENTENCING DEFENDANT FOR THOSE CRIMES.

A-4632-17T5

POINT II

DEFENDANT'S SENTENCE IS EXCESSIVE AND THE RESULT OF IMPROPER DOUBLE-COUNTING, AND THE BASIS FOR THE LENGTH OF PAROLE DISQUALIFIER WAS INADEQUALTELY EXPLAINED.

POINT III

THE JUDGMENT OF CONVICTION MUST BE AMENDED TO REFLECT THE APPROPRIATE DISTRIBUTION OF JAIL CREDITS AND PRIOR SERVICE CREDITS.

We have considered these arguments in light of the record and applicable legal standards. We affirm.

"Appellate review of the length of a sentence is limited[,]" State v. Miller, 205 N.J. 109, 127 (2011), "and appellate courts are cautioned not to substitute their judgment for those of our sentencing courts." State v. Case, 220 N.J. 49, 65 (2014) (citing State v. Lawless, 214 N.J. 594, 606 (2013)).

> The appellate court must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."

A-4632-17T5

> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

However, "a sentencing court must scrupulously avoid 'double-counting' facts that establish the elements of the relevant offense." Id. at 74-75 (citing State v. Yarbough, 100 N.J. 627, 645 (1985)).

Defendant contends the judge failed to abide by our prior judgment, as well as our decision in Tindell, because he once again considered evidence of conduct for which the jury acquitted defendant. Defendant argues this violated principles of due process, fundamental fairness and the right to trial by jury, as expressed in Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), and Blakely v. Washington, 542 U.S. 296, 299 (2004).

We reject any comparison between this resentencing proceeding and the sentencing proceeding in Tindell. In that case, the judge imposed five consecutive maximum sentences, including maximum periods of parole ineligibility. 417 N.J. Super. at 570. We cited extensively to the judge's inappropriate comments at sentencing, id. at 568-70, and concluded his "personal views as to the propriety of the jury's verdict irreparably tainted the sentence he imposed on defendant." Id. at 572. Simply put, our review of the

6

transcript convinces us that the sentence here was not the result of similar judicial pique or obvious abuse of judicial discretion.

We also reject the contention that our prior judgment necessarily compelled the judge to ignore trial evidence that was probative of defendant's conduct, even though the State proffered that evidence to prove offenses for which the jury acquitted defendant. As noted above, because defendant faced retrial on the deadlocked counts, our prior decision was firmly rooted in double jeopardy concerns, which no longer existed at resentencing because the jury acquitted defendant of some charges and the State dismissed all other counts of the indictment.

In State v. Tillery, decided after the briefs were filed and the appeal argued before us, the Court addressed whether when imposing sentence, a court should consider trial evidence pertaining to charges on which the jury deadlocked, but which were still pending. ___ N.J. ___ (2019) (slip op. at 37-38). Distinguishing Watts, "which involved a sentencing court's reliance on evidence presented as to a charge on which the defendant was acquitted," the Court "caution[ed] courts not to consider evidence pertaining to charges as to which a jury deadlocked in sentencing unless and until the defendant no longer faces the prospect of prosecution for those charges." Id. at 38 (emphasis added).

Without expressly approving <u>Watts</u>'s rationale, however, the Court clearly

stated:

> When a judge presides over a jury trial regarding multiple offenses, he or she has the opportunity to evaluate the credibility of witnesses and to assess the evidence presented as to each of those offenses. If a jury is unable to return a verdict as to some offenses and convicts the defendant of others, and the State requests that the court consider evidence presented as to offenses on which the jury deadlocked, such information may constitute competent, credible evidence on which the court may rely in assessing the aggravating and mitigating factors. No Sixth Amendment or other constitutional principle, or statutory provision, generally bars a court from considering such evidence. And consideration of competent evidence presented in support of charges — even if the jury does not go on to convict defendant on those charges — does not raise concerns about drawing inferences from the mere fact that charges had been brought . . . .
>
> [<u>Id.</u> at 37 (citation omitted).]

The Court's opinion disposes of defendant's argument. In light of the above, we

also reject the argument that the judge double-counted by considering evidence

of the homicides and aggravated assault in finding the aggravating sentencing

factors.

Defendant also argues the judge double-counted by using defendant's

prior criminal record to both impose an extended term and calculate the length

of the sentence.  See, e.g., State v. Vasquez, 374 N.J. Super. 252, 267 (App. Div. 2005) (reversing extended term sentence, "both allowed and required" by the defendant's single prior conviction, because the judge used that prior conviction to impose a sentence greater than the "presumptive" midpoint).  We again disagree.

The judge properly determined defendant was eligible for an extended term based upon his four prior convictions.  The judge then weighed the aggravating sentencing factors by considering not only defendant's prior record, but also the nature of the offense and "other aspects of . . . defendant's record." State v. Dunbar, 108 N.J. 80, 92 (1987).  We find no mistaken exercise of discretion in imposing a sixteen-year sentence of imprisonment.

Defendant also argues the judge failed to explain the imposition of an eight-year period of parole ineligibility.  At the time of the offense, N.J.S.A. 2C:43-6(c) (2012) required the imposition of a minimum term "between, one-third and one-half of the sentence."  Considering the entire sentencing proceeding, which reflects the judge's thoughtful and comprehensive reasoning, we find no basis to disturb the sentence imposed.

Lastly, we agree with defendant that the judgment of conviction (JOC) incorrectly includes the time defendant spent serving his sentence prior to the

date of resentencing as jail credit instead of prior service credit. See State v. Rippy, 431 N.J. Super. 338, 354 (App. Div. 2013) (time spent serving a sentence should be reflected in the JOC as prior service credit). The State also agrees. We therefore remand the matter to the judge to file a corrected JOC reflecting that defendant earned prior service credit, not jail credit, from October 27, 2014 to the date of his resentencing.

Affirmed; remanded to file a corrected JOC.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4632-17T5