**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5208-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL A. JONES, a/k/a
CARL A. JONES,

     Defendant-Appellant.

_____

     Submitted October 10, 2019 – Decided October 31, 2019

     Before Judges Koblitz and Gooden Brown.

     On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment Nos. 10-04-260 and 10-10-0567, and Accusation Nos. 10-07-0377 and 10-07-0378.

     Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

     Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Danielle R. Pennino, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael A. Jones appeals from a February 28, 2017 order denying his motion for post-conviction relief (PCR) after an evidentiary hearing. We affirm substantially for the reasons expressed in Judge Robert G. Malestein's comprehensive written opinion issued with the order.

Defendant entered a guilty plea to portions of one indictment and two accusations charging theft and forgery crimes in July 2010. He was sentenced to five years in prison in August 2010. He was indicted on other charges including felony murder, N.J.S.A. 2C:11-3(a)(3) and first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1)-(2) on October 10, 2010. In 2013 defendant pled guilty and was sentenced to thirty years in prison, subject to eighty-five percent parole ineligibility of the No Early Release Act, N.J.S.A. 2C:43-7.2, for aggravated manslaughter and other charges. Defendant was awarded 150 days jail time and 1078 days gap-time credit. Gap-time credit reduced the maximum time he would spend in prison, but did not impact his parole eligibility. See State v. Rippy, 431 N.J. Super. 338, 347-48 (App. Div. 2013). He argued his gap-time credit should be awarded as jail time on appeal. His sentence was affirmed on appeal by order and his petition for certification was denied. State v. Jones, 220 N.J. 40 (2014).

Defendant argued in his PCR petition that his counsel had been ineffective in failing to inform him how pleading guilty prior to resolving the criminal homicide matter would affect his jail time credits. Trial defense counsel testified at the PCR hearing that the State was unwilling to negotiate a plea involving the homicide charges in 2010 and defendant wanted to plead guilty quickly so that he would be sentenced and could leave the jail for a better living situation in state prison. The PCR court found defendant's testimony incredible, while finding defense counsel truthful and her testimony well-supported by the record.

Defendant raises the following issues on appeal:

> POINT I: BECAUSE PLEA COUNSEL AFFIRMATIVELY MISLED DEFENDANT AS TO PENAL CONSEQUENCES OF ENTERING A GUILTY PLEA, THE PLEA WAS NOT MADE KNOWINGLY AND INTELLIGENTLY.

We defer to the credibility assessments of the PCR court when it bases its factual findings on live testimony "that [is] supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)).

In his twenty-two page written opinion, Judge Malestein reviewed the factual background, the law regarding PCR and ineffective assistance of

counsel, and the reasons he determined a testimonial hearing was necessary to resolve the factual conflict between defendant and his plea counsel, who had submitted an affidavit.

Having heard testimony from defendant and defendant's lawyer who represented him for the first guilty plea, Judge Malestein explained why he found counsel more credible than defendant. Counsel related that she had explained to defendant that he would not receive jail credit on the more serious charges if he resolved the lesser ones and began serving a prison sentence. Defendant nevertheless chose to proceed with the first guilty plea.

The judge found defendant admitted he had met with counsel "dozens" of times and that he had a considerable criminal history. Defendant had served at least eleven state prison sentences. Thus, the judge found it incredible that defendant was not aware of the ramifications of jail credit versus gap-time credit.

We affirm substantially for the reasons expressed in Judge Malestein's thorough opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5208-17T4