**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1214-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN I. GONZALEZ,
a/k/a JOHN IGNACIO, JR.,

     Defendant-Appellant.

_____

Submitted January 12, 2022 – Decided February 17, 2022

Before Judges Hoffman, Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 17-08-1211.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

After the trial court sentenced defendant in accordance with his plea agreement, defendant filed this appeal, challenging the denial of his motion to suppress evidence, his aggregate fifteen-year sentence with seven years of parole ineligibility, and a $200,000 anti-drug profiteering penalty. We affirm the denial of defendant's suppression motion and his aggregate fifteen-year sentence with seven years of parole ineligibility; however, we vacate the $200,000 anti-drug profiteering penalty and remand for the trial court to conduct a hearing and make appropriate findings regarding the assessment of the penalty.

I.

We glean the following facts from the record. On April 23, 2015, Ocean County Prosecutor's Office Special Operations Group (SOG) detectives stopped defendant in his vehicle in connection with a broader investigation into a narcotics distribution network in Ocean County. SOG detectives ultimately arrested defendant and conducted a strip search of his person, uncovering a quantity of heroin in the groin area of his pants.

On August 9, 2017, an Ocean County grand jury returned an indictment charging defendant and multiple co-defendants with the following offenses: first-degree conspiracy to distribute a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(a)(1), 35-5b(1), and 5-2 (count one); two counts of third-

2

degree CDS possession, N.J.S.A. 2C:35- 10(a)(1) (counts two and six); third-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and 35-5b(3) (count three); third-degree CDS distribution, N.J.S.A. 2C:35-5(a)(1) and 35-5b(3) (count four); first-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and 35-5(b)(1) (count five); second-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and 35-5(b)(2) (count seven); second-degree CDS distribution, N.J.S.A. 2C:35-5(a)(1) and 35-5(b)(2) (count eight); second-degree conspiracy to distribute CDS, N.J.S.A. 2C:35-5(a)(1), 35-5b(2), and 5-2 (count nine); first-degree leader of a drug-trafficking network, N.J.S.A. 2C:35-3 (count ten); and first-degree maintaining or operating a CDS production facility, N.J.S.A. 2C:35-4 (count eleven).

On June 26, 2018, defendant filed a motion to suppress. The motion primarily contended the State intercepted two phone calls from defendant's phone on April 21, 2015, utilizing a wiretap order that expired on March 29, 2015. Defendant cited to the arrest warrant affidavits for two of his co-defendants, which detailed the interceptions and referenced the expired order. The State conceded that the arrest warrant affidavits referenced the expired warrant, but asserted that this was a clerical error; in fact, the calls were actually intercepted pursuant to a separate wiretap order issued on April 13, 2015. The

3

State submitted a supporting certification from the prosecutor assigned to the case, explaining the clerical error, and provided a copy of the valid wiretap order. On September 27, 2018, following oral argument, the trial court issued an oral decision denying the motion. The judge found the information contained in the arrest warrant affidavits of two co-defendants' affidavits was the result of clerical error, and thus only a "technical violation" not warranting suppression.

On February 27, 2019, pursuant to a negotiated plea agreement, defendant pled guilty to count five and count seven, amended to third-degree possession with intent to distribute. During his plea colloquy, defendant stated: 1) he possessed more than five ounces of heroin, which he intended to distribute between January 7 and April 23, 2015, in Barnegat and Seaside Heights, and elsewhere in Ocean County and 2) he possessed cocaine, which he intended to distribute, between December 22, 2014 and April 23, 2015, in Toms River. Under the plea agreement, the State agreed to, among other things, not seek extended-term sentences for either offense and to recommend consecutive terms of ten years, with a five-year parole bar, and five years, with a two-year parole bar, respectively.

On April 12, 2019, the trial court imposed the prison terms provided in the plea agreement, resulting in an aggregate fifteen-year sentence with seven

A-1214-19

years of parole ineligibility. Also pursuant to the plea agreement, the judge imposed $203,380 in fines, including a $200,000 anti-drug profiteering penalty pursuant to N.J.S.A. 2C:35A-3; dismissed the remaining charges; and awarded defendant 1,349 days of jail credit and 100 days of gap-time credit.

This appealed followed, with defendant raising the following arguments:

POINT I

THE MATTER MUST BE REMANDED BECAUSE THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

POINT II

RESENTENCING IS REQUIRED BECAUSE THE TRIAL COURT IMPOSED SENTENCE BASED ON THE INCORRECT BELIEF THAT DEFENDANT WAS ELIGIBLE FOR TWO EXTENDED-TERM SENTENCES; WRONGLY IMPOSED CONSECUTIVE TERMS; ERRONEOUSLY IMPOSED A $200,000 FINE; AND DENIED JAIL CREDIT FOR THE DAY OF ARREST.

A. THE COURT ERRED IN DEFERRING TO BOTH OF THE STATE'S RECOMMENDED SENTENCES BECAUSE THE STATE COULD ONLY SEEK, AND WAIVE, A SINGLE-EXTENDED SENTENCE.

B. THE COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

5

C.    NEITHER THE RECORD NOR THE COURT'S FINDINGS JUSTIFIED IMPOSITION OF A $200,000 ANTI-DRUG PROFITEERING PENALTY.

D.    DEFENDANT MUST BE AWARDED AN ADDITIONAL DAY OF JAIL CREDIT FOR THE DAY OF HIS ARREST.

## II.

## A.

Defendant first contends the trial court should have held an evidentiary hearing before ruling on his motion to suppress. Generally, a motion to suppress evidence requires a hearing, and if material facts are disputed, testimony must be heard. R. 3:5-7(c). But, "[t]he mere allegation of a warrantless search . . . does not place material issues in dispute . . . ." State v. Green, 346 N.J. Super. 87, 91 (App. Div. 2001). Rule 3:5-7(b) provides that when a defendant files notice that he or she will seek to suppress evidence seized without a warrant, the State must file a motion, together with a brief and a statement of facts. The defendant then is required to file a brief and counterstatement of facts. R. 3:5-7(b). "It is only when the defendant's counter-statement places material facts in dispute that an evidentiary hearing is required." Green, 346 N.J. Super. at 90.

Here, defendant filed the motion to suppress on the basis that the wiretaps were authorized in an expired wiretap order. Defendant supported the motion

6

with the two arrest warrant affidavits indicating that the intercept of the phone calls in question were authorized by the expired wiretap order. In these affidavits, the State indicated that it had conducted wiretap intercepts on April 21, 2015, targeting the telephone number ending in 5623 in the recorded wiretap sessions labeled #144 and #172. Defendant then argued that the interceptions during these sessions was illegal because the wiretap order targeting the 5623 number expired on March 29, 2015.

The State responded to defendant's argument by conceding that the references in the arrest affidavits were the result of a typographical error. Indeed, the State explained that sessions #144 and #172 were actually authorized by a subsequent "rover" wiretap order issued on April 13, 2015. This rover order authorized interceptions of communications through May 13, 2015, over the telephone number ending in 7286, as well as those over "other wireless telephone facility numbers used by [defendant], to be ascertained by the person implementing the Order, pursuant to N.J.S.A. 2A:156A-9(g)2." Thus, instead of the 5623 number listed in the arrest affidavits, sessions #144 and #172 were conducted over the telephone number ending in 1814, which was authorized for interception as another number "used by" defendant pursuant to the rover order. In support of its position, the State provided the trial court with the rover order

as well as the unalterable transcripts generated by the "voicebox" recording system for sessions #144 and #172, which reflected that they were conducted over the 1814 telephone number.

Because the sole source of the material dispute of fact was the incorrect number listed on the arrest affidavits, which was conceded by the State as an error and then fully explained, the only remaining issue for the trial court was the purely legal question of whether the errors on the arrest affidavits required suppression of the interceptions. Clearly, these clerical errors presented no material issues of fact, nor did they provide any basis to suppress the challenged intercepts.

B.

This court reviews the trial court's sentencing determinations "in accordance with a deferential standard." State v. Fuentes, 217 N.J. 57, 70 (2014). "The reviewing court must not substitute its judgment for that of the sentencing court." Ibid. Therefore, this court

> must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."

A-1214-19

> [Ibid. (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

Defendant contends the trial court erred in accepting the State's recommended sentences for both counts five and seven as binding; because the State could only seek extended terms for one offense, it could only waive its right to bind the court for one offense. N.J.S.A. 2C:43-6f allows the State to either seek an extended term and or, through N.J.S.A. 2C:35-12, waive its right and instead bind the trial court to impose a specified lesser sentence. However, N.J.S.A. 2C:44-5(a)(2) provides that "[n]ot more than one sentence for an extended term shall be imposed."

Contrary to defendant's contentions, this does not appear to be a matter of statutory interpretation. There is no indication that N.J.S.A. 2C:44-5(a)(2) is relevant when the State waives its right to seek an extended term. Nor does defendant argue that the substance of the recommendation is unjust. The recommended sentences were agreed upon in the negotiated plea agreement.

Defendant next contends the trial court failed to analyze whether a consecutive sentence should be imposed in accordance with the guidelines set forth by the New Jersey Supreme Court in State v. Yarbough, 100 N.J. 627, 643-44 (1985). The trial court has discretion in determining whether a sentence

should be concurrent or consecutive. State v. Cuff, 239 N.J. 321, 347 (2019).

In doing so, the trial court must consider the following factors:

> (1) there can be no free crimes in a system for which the punishment shall fit the crime;
>
> (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
>
> (3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>
>> (a) the crimes and their objectives were predominantly independent of each other;
>>
>> (b) the crimes involved separate acts of violence or threats of violence;
>>
>> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>>
>> (d) any of the crimes involved multiple victims;
>>
>> (e) the convictions for which the sentences are to be imposed are numerous;
>
> (4) there should be no double counting of aggravating factors;

A-1214-19

(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense . . . .

[Yarbough, 100 N.J. at 643-44.]

Here, count five concerned possession with intent to distribute heroin, N.J.S.A. 2C:35-5(a)(1), while count seven concerned possession with intent to distribute cocaine in Toms River starting in December 2014, N.J.S.A. 2C:35-5(a)(1). Defendant argues the trial court did not address all the factors, that the offenses were not predominantly independent, that both offenses occurred during "almost" the same time and "in the same general area," that there were no victims because he did not actually distribute, and there were not "numerous" offenses.

Our case law does "not require . . . that the trial court explicitly reject each and every mitigating factor argued by a defendant" particularly when "we can readily deduce from the sentencing transcript . . . ." State v. Bieniek, 200 N.J. 601, 609 (2010). The trial court recognized its "obligation to conduct an analysis of whether . . . consecutive sentences are appropriate" and aptly noted that, under Yarbough, "there shall be no free crimes." In deciding the sentences should run consecutively, the trial court noted the two offenses involve "separate acts in separate municipalities over not identical time periods involving separate

substances . . . . [Defendant] committed [these crimes] at different times and places. They involve different distribution or efforts to possess with intent to distribute to different people." The trial court further noted it "[had] not double counted any of the aggravating factors." The record supports the trial court's conclusions; the offenses, though related, are separate and distinct. Accordingly, we find no abuse of discretion. Fuentes, 217 N.J. at 70.

Defendant next contends the $200,000 anti-drug profiteering penalty, pursuant to N.J.S.A. 2C:35A-3, was not required or supported by the record. N.J.S.A. 2C:35A-3(a) permits trial courts to "sentence [a defendant] to pay a monetary penalty" where the defendant "has been convicted of a crime defined in chapter 35 or 36 of this Title . . . ." However, N.J.S.A. 2C:35A-3(a) requires the trial court to "find[] at a hearing . . . that the prosecutor has established by a preponderance of the evidence one or more of the grounds specified in this section." These grounds include finding defendant to be a "drug profiteer," a "wholesale drug distributer," a "professional drug distributer," and "involved in criminal street gang related activity," among other things. N.J.S.A. 2C:35A-(3)(a).

The trial court imposed the $200,000 penalty without making any findings, as the penalty was imposed pursuant to the negotiated plea agreement.

The State contends that because the penalty was agreed to by both parties in the negotiated plea agreement, no hearing was necessary. We disagree. Although this monetary penalty is permitted, the trial court must conduct a hearing at which the State must prove by a preponderance of the evidence one or more of the grounds specified in N.J.S.A. 2C:35A-3(a). The trial court imposed the negotiated penalty without conducting a hearing or making any such findings.

Finally, defendant contends the trial court erred in failing to grant him jail credit for April 23, 2015, the date of his arrest. Defendant's jail credit begins for his time in custody starting on April 24, 2015. The State concedes defendant was pulled over on April 23, 2015, at 9:30 p.m., but asserts that "[i]t is unclear exactly what time afterwards the motor vehicle stop resulted in an arrest" and that the record reflects an official arrest date of April 24, 2015.

A defendant is entitled to credit "for any time served in custody in jail . . . between arrest and the imposition of sentence." R. 3:21-8(a). Jail credits "provide day-for-day credits for time spent in custody . . . ." State v. Rippy, 431 N.J. Super. 338, 347 (App. Div. 2013) (emphasis added) (citing R. 3:21-8(a)); State v. Hernandez, 208 N.J. 24, 48-49 (2011). The date of admission to jail begins the jail credit. It does not matter if a defendant arrives at the jail shortly before midnight. On remand, the State shall provide the court with a copy of

the relevant jail record so that the court can confirm the exact date and time of defendant's admission to the county jail, and if the record shows that defendant's admission to jail occurred on April 23, 2105, the court shall award defendant a jail credit for that day.

In conclusion, we affirm the denial of defendant's suppression motion and his aggregate fifteen-year sentence with seven years of parole ineligibility; in addition, we vacate the $200,000 anti-drug profiteering penalty and remand for the trial court to conduct a hearing and make appropriate findings as to whether there exists grounds for the imposition of the anti-drug profiteering penalty. In addition, the court shall determine if defendant is entitled to one more day of jail credit.

Any arguments not addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed, in part, and vacated and remanded, in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14