**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4616-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES RIPPY,

    Defendant-Appellant.

_____

Submitted October 26, 2017 — Decided November 20, 2017

Before Judges Simonelli and Haas.

On appeal from the Superior Court of New
Jersey, Law Division, Middlesex County,
Indictment Nos. 02-09-1179, 08-03-0493,
08-06-1064 and 08-06-1065.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor,
attorney for respondent (David M. Liston,
Assistant Prosecutor, of counsel and on the
brief).

Defendant James Rippy appeals from the February 19, 2016 Law
Division order, which denied his petition for post-conviction
relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged under Indictment No. 02-09-1179 with second-degree burglary, N.J.S.A. 2C:18-2; first-degree robbery, N.J.S.A. 2C:15-1; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). The charges stemmed from defendant's and co-defendant David Rivera's assault and robbery of the victim in the victim's apartment.

Defendant was tried in absentia and convicted on all charges. The trial court imposed a twenty-year term of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant appealed his conviction and sentence. We reversed and remanded for a new trial. State v. Rippy, No. A-6069-07 (App. Div. Dec. 14, 2010).

On remand, defendant pled guilty under Indictment No. 02-09-1179 to first-degree robbery. He also pled guilty under Indictment No. 08-06-1064 to second-degree burglary, N.J.S.A. 2C:18-2; under Indictment No. 08-06-1065 to first-degree robbery, N.J.S.A. 2C:15-1; and under Indictment No. 08-03-0493 to third-degree bail jumping, N.J.S.A. 2C:29-7. In accordance with the plea agreement, the court sentenced defendant to twenty-year terms of imprisonment for each of the two first-degree robberies subject to NERA, a ten-

year term for second-degree burglary, and a four-year term for bail jumping. The sentences were to be served concurrently with one another.

Defendant appealed and the State cross-appealed. Both parties challenged the award of jail credits, and defendant also argued that his sentence was excessive. We affirmed in part and remanded for resentencing limited to the calculation of jail and gap time credits. State v. Rippy, 431 N.J. Super. 338, 356 (App. Div. 2013). Our Supreme Court denied defendant's petition for certification. State v. Rippy, 217 N.J. 284 (2014).

Defendant filed a PCR petition, arguing, in part, that trial counsel in all of the indictments rendered ineffective assistance by not challenging his identification based on the failure of the police to follow newly issued guidelines regarding the administration of a photo array. Defendant also argued that counsel failed to file a motion to suppress a handgun found in a gym bag in a hotel room he was sharing with his uncle, and advise him of his right to return to New Jersey under the Interstate Agreement on Detainers (IAD), N.J.S.A. 2A:159A-1 to -15.

In a February 19, 2016 order and written opinion, the PCR judge denied the petition. The judge found there was no evidence the police ever conducted a photo array, and we never mentioned a photo array in either of our opinions in defendant's prior appeals.

The PCR judge determined a motion to suppress would have been futile. The judge found that defendant's uncle rented the hotel room they were sharing, the uncle consented to the search and signed a consent form, and the uncle never disclaimed ownership of the gym bag. Lastly, the judge found defendant failed to explain what right he had under the IAD or provide specific facts pertaining to those rights. The judge also found defendant failed to demonstrate he would have opted to continue to trial had he known of his IAD rights. This appeal followed.

On appeal, defendant raises the following contention:

> POINT I: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354-55 (2013). We review a judge's decision to deny a PCR

A-4616-15T2

petition without an evidentiary hearing for abuse of discretion.
State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance
of counsel, the defendant

> must satisfy two prongs. First, he must
> demonstrate that counsel made errors "so
> serious that counsel was not functioning as
> the 'counsel' guaranteed the defendant by the
> Sixth Amendment. An attorney's representation
> is deficient when it "[falls] below an
> objective standard of reasonableness."
>
> Second, a defendant "must show that the
> deficient performance prejudiced the
> defense." A defendant will be prejudiced when
> counsel's errors are sufficiently serious to
> deny him "a fair trial." The prejudice
> standard is met if there is "a reasonable
> probability that, but for counsel's
> unprofessional errors, the result of the
> proceeding would have been different." A
> "reasonable probability" simply means a
> "probability sufficient to undermine
> confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (quoting
> Strickland v. Washington, 466 U.S. 668, 687–
> 88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674,
> 693, 698 (1984)).]

When a guilty plea is involved,

> [the Court has] explained that '[t]o set aside
> a guilty plea based on ineffective assistance
> of counsel, a defendant must show that (i)
> counsel's assistance was not "within the range
> of competence demanded of attorneys in
> criminal cases;" and (ii) "that there is a
> reasonable probability that, but for counsel's
> errors, [the defendant] would not have pled
> guilty and would have insisted on going to
> trial."'

5

> [State v. Nuñez-Valdéz, 200 N.J. 129, 139
> (2009) (last two alterations in original)
> (quoting State v. DiFrisco, 137 N.J. 434, 457
> (1994)).]

"[I]n order to establish a prima facie claim, [the defendant] must do more that make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, supra, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

We have considered defendant's contention in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, and affirm substantially for the reasons set forth in the PCR judge's written opinion. We are satisfied that defendant received the effective assistance of counsel on all indictments.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4616-15T2